IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,201-01






EX PARTE FRED RIDINGS III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-09-904115-A IN THE 167TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty-two years' imprisonment. The Eleventh Court of Appeals affirmed his
conviction. Ridings v. State, 11-10-00013-CR (Tex. App.--Eastland 2012, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he failed to raise insanity as a defense and instead allowed Applicant to determine his trial
strategy. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether counsel's
conduct was deficient and Applicant was prejudiced. The trial court shall determine whether there
is a reasonable probability that, had counsel presented an insanity defense, the jury would have found
Applicant not guilty by reason of insanity. The trial court shall also determine whether counsel was
deficient by not raising insanity as a defense. The trial court shall also make any other findings and
conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: December 18, 2013

Do not publish